# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| MARTHEL PARSONS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 18-06164-CV-W-RK. ) |
| HEARTLAND REGIONAL MEDICAL CENTER D/B/A MOSAIC LIFE CARE, | ) ) ) ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Heartland Regional Medical Center ("Defendant")'s Motion to Dismiss. (Doc. 7.) The Motion to Dismiss is fully briefed. After careful consideration and for the reasons below, the Motion to Dismiss is **GRANTED.**

## Background

On October 4, 2018, Plaintiff Marthel Parsons ("Plaintiff") filed her Petition in the Circuit Court of Buchanan County. On November 8, 2018, Defendant removed the Petition to this Court.[1] (Doc. 1.) Plaintiff's Complaint alleges the following claims: (I) failure to accommodate in violation of the Missouri Human Rights Act ("MHRA"); (II) disability discrimination and hostile work environment in violation of the MHRA; (III) retaliation in violation of the MHRA; (IV) common law claims of breach of contract and misrepresentation; (V) violation of the Missouri Service Letter Act, § 290.140; (VI) sexual discrimination in violation of the MHRA and Title VII of the Civil Rights Act of 1964 ("Title VII"); and (VII) race discrimination in violation of the MHRA and Title VII. (Doc. 1-1.) All claims arise from Plaintiff's employment with the Defendant. (Doc. 1.) Plaintiff was employed by Defendant beginning on or about September 26, 2013, through April 24, 2014. (*Id.*)

---

[1] Defendant removed this case pursuant to federal question jurisdiction. Plaintiff seeks relief for sexual and racial discrimination under a federal law, Title VII. Plaintiff's additional claims are state law claims and were removed on the basis of supplemental jurisdiction. The parties do not dispute that federal jurisdiction exists.

On May 20, 2019, the Court held a status conference with the parties. (Doc. 21.) The Court granted the parties an opportunity to make supplemental filings on the issue of whether Plaintiff's claims were time-barred by the applicable statute of limitations. On June 3, 2019, Plaintiff and Defendant filed supplemental suggestions on the issue (docs. 23, 24). On June 18, 2019, Defendant filed a supplemental reply (doc. 25).

**Legal Standard**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell At!. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). When considering a motion to dismiss for failure to state a claim, the well- pled allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party. *Osahar v. US. Postal Service,* 297 F.3d Appx. 863, 864 (8th Cir. 2008). "A Court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Illig v. Union Elec. Co.,* 652 F.3d 971, 976 (8th Cir. 2011). *See also Varner v. Peterson Farms,* 371 F.3d 1011, 1016 (8th Cir. 2004) ("when it appears from the face of the complaint itself that the limitation period has run, a limitations defense may be properly asserted through a Rule 12(b)(6) motion to dismiss") (internal quotation marks and citation omitted)).

**Discussion**

Defendant argues dismissal is appropriate for three reasons: (1) Plaintiff's Title VII and MHRA claims are time-barred by their applicable statutes of limitations; (2) Plaintiff's state common law claims of breach of contract and misrepresentation are preempted by the MHRA; and (3) Plaintiff fails to allege facts which could support that Defendant violated the Missouri Service Letter Act. Plaintiff has responded in opposition to the Motion to Dismiss as to issues one (1) and three (3) but failed to respond as to issue two (2).

**1. Plaintiff's Title VII and MHRA claims are time-barred by the applicable statutes of limitations.**

Defendant argues that the applicable statutes of limitations bar Plaintiff's Title VII and MHRA claims. Defendant argues that Plaintiff's MHRA claims are governed by the limitations period set forth in Mo. Rev. Stat. § 213.111.1, and Plaintiff's Title VII claims are governed by the limitations period set forth in 42 U.S.C. § 2000e-5(f)(l). Defendant argues that the limitations periods set forth in these two statutes expired prior to Plaintiff filing this case. Defendant argues that Mo. Rev. Stat.§ 516.230, the Missouri Savings Statute, is not applicable to Plaintiff's MHRA claims or Title VII claims.

Plaintiff argues that her Title VII and MHRA are not time barred and should not be dismissed because these claims were timely filed in accord with the applicable statute of limitations. Plaintiff argues the statute of limitations applicable to her Title VII and MHRA claims is Missouri Revised Statute § 516.230, and that she filed her claims within the time period required by this statute.

The statute of limitations applicable to Title VII claims, concerning Plaintiff's claims alleging sexual discrimination (Count VI) and race discrimination (Count VII), is set forth in 42 U.S.C. § 2000e-5(f)(1). This statute provides that a complainant may file a private cause of action in court under Title VII once she has received a right to sue letter from the Equal Employment Opportunity Commission (EEOC), and that any such action must be filed within ninety days of the complainant's receipt of this letter. *See Fort Bend County, Texas v. Davis,* 139 S. Ct. 1843, 1847 (2019) (discussing the process of filing a complaint with the EEOC and option thereafter "within 90 days following ["right to sue"] notice, the complainant may commence a civil action against the allegedly offending employer") (citing§ 2000e-5(f)(l)). "This ninety-day period constitutes a limitations period that bars a suit that is not filed within that time." *Hales v. Casey's Marketing Co.,* 886 F.3d 730, 736 (8th Cir. 2018).

The statute of limitations applicable to MHRA claims, such as those made by Plaintiff in this case (Counts I-III, VI-VII), is set forth in Mo. Rev. Stat.§ 213.111.1. This statute states in relevant part that "the commission [Missouri Commission on Human Rights] shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action …." and that "[a]ny action brought in court under this section shall be filed within ninety days from the date the

commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." Mo. Rev. Stat. §213.111.1.

In applying the statute of limitations for Title VII and MHRA claims to the instant case, it is apparent Plaintiff's claims are time barred. Plaintiff dually filed charges of discrimination with the MCHR and the EEOC on October 23, 2014. The MCHR issued a Notice of Right to Sue Letter to Plaintiff on September 14, 2015. The EEOC issued a Notice of Right to Sue Letter to Plaintiff on September 23, 2015. Plaintiff s statute of limitations to file suit under Title VII expired on December 22, 2015, ninety days later. The statute of limitations to file suit under the MHRA expired at the later of ninety days after receipt of the Notice of Right to Sue letter, December 13, 2015, or two years after the date of the alleged action giving rise to the allegations of discrimination. Plaintiff alleges that the cause supporting her claims of discrimination occurred on April 24, 2014, when her employment with Defendant was terminated. Plaintiff makes no allegation that any acts of discrimination or retaliation occurred after her termination. Accordingly, the statute of limitations for Plaintiff's claims under the MHRA expired on April 24, 2016, two years after the date Plaintiff's employment was terminated. Plaintiff filed her complaint in this case in state court (prior to removal) on October 4, 2018. This filing is beyond the statute of limitations for both Plaintiff's Title VII and MHRA claims.

Plaintiff argues the facts support application of the statute of limitations set forth in the Missouri Savings Statute, Section 516.230, to her claims, and therefore, her October 4, 2018, refiling of her claims in the instant case was timely. Mo. Rev. Stat. § 516.230 states in relevant part that "[i]f any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, … such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered . . . ." Plaintiff argues that Section 516.230 is applicable to her claims for the following reasons: (1) her original lawsuit seeking damage relief from Defendant suffered a nonsuit on October 5, 2017, when it was dismissed without prejudice by the Buchanan County, Missouri Circuit Court; and (2) prior to its dismissal, this original lawsuit had been timely filed on November 11, 2015, in accordance with the applicable statute of limitations for Plaintiff's MHRA and Title VII claims. Plaintiff argues that her refiling of her claims on October 4, 2018, was timely because Section

4

516.230 required that she refile her claims within one year of the date which she suffered nonsuit on her original petition, which was on October 5, 2017. A review of Mo. Rev. Stat. § 516.230 and the case law interpreting this statute show Plaintiff's argument to be without merit. On its face, Section 516.230 fails to indicate that it applies to Plaintiff's claims. Mo. Rev. Stat. § 516.230 specifically states that it applies to claims which "shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370." Neither Plaintiff's MHRA claims nor her Title VII claims have time limits which are prescribed in sections 516.010 to 516.370. Rather, as discussed above, the statute of limitation for commencement of Plaintiff's MHRA claims is specifically set forth in Mo. Rev. Stat. § 213.111.1, and the statute of limitation for commencement of Plaintiff's Title VII claims is specifically set forth in 42 U.S.C. § 2000e-5(f)(l). *See Luney v. SGS Automotive Sendces, Inc.,* 432 F.3d 866, 867-68 (8th Cir. 2005) (the court held that the Missouri Savings Statute, Mo. Rev. Stat. § 516.230, "only applies to actions prescribed in section 516.010 to 516.370 of the Missouri Revised Statutes," so because the plaintiff's claims were filed under Title VII and the statute of limitations for those claims was not contained within sections 516.010 to 516.370, the Missouri Savings Statute did not apply); *Davison* v. *Dairy Farmers of America, Inc.,* 449 S.W.3d 81 (Mo. App. 2014) (section 516.230 does not apply to MHRA claims).

Accordingly, because Mo. Rev. Stat. § 516.230 does not apply to Plaintiff's Title VII or MHRA claims, the dismissal of Plaintiff's original case by the state court in Buchanan County, Missouri on October 5, 2017, did not change the statute of limitations applicable to the claims Plaintiff refiled in the instant case. As discussed above, Plaintiff's Title VII and MHRA claims that she refiled in the instant case on October 4, 2018, are outside the statute of limitations applicable to these claims. Plaintiff's Title VII and MHRA claims are therefore time barred.

**A. Neither Equitable Tolling nor Equitable Estoppel applies.**

Plaintiff's arguments that she "was never aware [of the statute of limitations applicable to her claims or that section 516.230 would not be applicable to her claims]" … and that her "attorneys advised [her] that [she] would have another year to file suit, and [that she] did file this pro se action within that one-year time period" fail to support a legal basis to allow Plaintiff's MHRA and Title VII claims to go forward. (Doc. 24.) "[I]gnorance of legal rights does not toll a statute of limitations." *Larson* v. *Am. Wheel & Brake, Inc.,* 610 F.2d 506, 510 (8th Cir. 1979). Even

5

good faith efforts by a Plaintiff do not toll the application of the statute of limitations because this amounts to nothing more than affirmative pleading of ignorance. *Id.* To hold otherwise "would effectively ignore the intent of the limitations period, which is, generally stated, to protect defendants against stale claims." *Id.*

Plaintiff makes no argument beyond her assertion of ignorance as for why the applicable statute of limitations should not apply to her Title VII and MHRA her claims. Plaintiff does not make an argument for the equitable tolling of the statute of limitations or for equitable estoppel. However, in liberally construing Plaintiff's pro se complaint, the Court will address these potential arguments.

Statute limitations are "fundamental to a well-ordered judicial system." *Artis v. District of Columbia,* 138 S. Ct. 594, 607-08 (2018). "Statues of limitations are favored in the law and cannot be avoided unless the party seeking to do so brings himself within an exception . . ." such as equitable tolling or equitable estoppel. *Hammond v. Municipal Correction Institute,* 117 S.W.3d 130, 138 (Mo. App. 2003).

The doctrine of equitable estoppel is an exception to the statute of limitations that can be applied by the court "when a defendant takes active steps to prevent a plaintiff from suing on time." *Kirklin v. Joshen Paper & Packaging Co.,* 911 F.3d 530, 534-535 (8th Cir. 2018). Here, Plaintiff makes no argument that her delay in filing this case was the result of any actions of Defendant.

The doctrine of equitable tolling is an exception to the statute of limitations that is applied when a plaintiff makes allegations supporting that a reasonable person in the plaintiff's situation would not have been aware of the existence of the claim. *Kirklin,* 911 at 534-535. *See also Plengemeier v. Thermadyne Industries, Inc.,* 409 S.W.3d 395, 400 (Mo. App. 2013) (discussing when equitable tolling can be applied in MHRA cases); *Irwin v. Dept. of Veterans Affairs,* 49 U.S. 89, 89-90 (1990) (discussing equitable tolling as applied to Title VII claims). Here, Plaintiff makes no allegation that her delay in filing this case was because she was unaware of her claims. In fact, the Court finds that Plaintiff was aware of her claims as she had previously filed these same claims in a prior lawsuit filed in November of 2015.

The principles of equitable tolling are not applicable to "garden variety claim of excusable neglect." <u>Irwin</u>, 498 U.S. at 96 (equitable tolling is not applicable where a plaintiff urges that his

failure to file in a timely manner should be excused because his lawyer was absent from his office at the time the EEOC notice was received - principles of equitable tolling do not extend to garden variety excusable neglect). "As a general rule equitable tolling is a remedy reserved for circumstances that are 'truly beyond the control of the plaintiff.'" *Shempert v. Harwick Chemical Corp.,* 151 F.3d 793, 797 (8th Cir. 1998) (quoting *Hill v. John Chezik Imports,* 869 F.2d 1122, 1124 (8th Cir. 1989). *See also Mauller v. Heartland Automotive Serv., Inc.,* 2019 WL 691658, at *2 (E.D. Mo. Feb. 19, 2019) (citing general rule that tolling of statute of limitations is limited to circumstances that are truly beyond the control of the plaintiff); *Lown v. Brimeyer,* 956 F.2d 780, 782 (8th Cir. 1992) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands.").

In the instant case, Plaintiff fails to allege circumstances beyond her control which caused the statute of limitations to expire on her claims. Plaintiff's original case appears to have been dismissed in state court upon motion of Defendant, based at least in part on Plaintiff's failure to participate in court-ordered mediation. (Docs. 24, 8.) Thereafter, Plaintiff waited almost a full year before refiling her claims in the instant case. As set forth above, the law is clear that the Missouri Savings Statute does not apply to Plaintiff's claims. Plaintiff's assertion that while she was aware of her claims, she was nonetheless ignorant of the statute of limitations and relied on the statements of her retained legal counsel does not allege that the situation was out of Plaintiff's hands or control. Rather, Plaintiff's allegations show that her untimely filing in this case was the result of her own actions in conjunction with the legal counsel she hired to represent her in the prior state court proceedings.

These allegations are not the kind of which warrant the Court invoking equitable relief in Plaintiff's favor and to the detriment of Defendant. Moreover, this Court cannot disregard "[p]rocedural requirements established by Congress for gaining access to the federal courts . . . out of vague sympathy for particular litigants." *Shempert v. Hanvick Chemical Co.,* 151 F.3d at 797 (quoting *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984)).

Plaintiff has failed to allege sufficient facts which could support a basis for tolling the statute of limitations. *See Anunka v. City of Burnsville,* 2013 WL 5629810 (8th Cir. 2013) (statute of limitation applied to pro se plaintiff's claims, and the pro se plaintiff failed to allege sufficient

facts to support a basis for tolling the statute of limitations); *Goellner v. Butler,* 836 F.2d 426, 431 (8th Cir. 1988) (absent fraud, ignorance of cause of action does not toll the statute of limitations).

As set forth in the discussion above, the court finds that the face of Plaintiff's complaint makes it clear that the statute of limitations applicable to her claims expired prior to her filing this case, and there is no equitable legal basis to support the tolling of the statute of limitations. Plaintiff's Title VII and MHRA claims were untimely filed in this case, and therefore, are dismissed. *See Plengemeier,* 409 S.W.3d at 399-400 (granting of defendant's motion to dismiss was proper where the expiration of the statute of limitations period appeared on the face of the petition).

**2. Plaintiff's state common law claims of breach of contract and misrepresentation are preempted by the MHRA.**

Defendant argues that Plaintiff's state common law claims of breach of contract and misrepresentation restate the same allegations that Plaintiff makes in her claims under the MHRA, and therefore, should be dismissed because Plaintiff's MHRA claims preempt the claims Plaintiff makes under common law. Plaintiff has made no response or argument on this issue in her response to the Motion to Dismiss.

Upon review of Plaintiff's Complaint, it is apparent that Plaintiff's common law claims alleging breach of contract and misrepresentation arise from the same factual allegations that Plaintiff alleges in support of her claims under the MHRA. The Missouri Supreme Court has held that a statutory right of action is deemed to supersede and displace remedies at common law when the statutory remedy fully envelopes the remedies provided by the common law claims. *McGhee v. Dixon,* 973 S.W.2d 847, 849 (Mo. 1998). "A statutory remedy does not comprehend and envelop the common law if the common law remedies provide different remedies from the statutory scheme." *State ex ret Church & Dwight Co. v. Collins,* 543 S.W.3d 22, 27 (Mo. banc. 2018).

In the instant case, Section 213.111.2 of the MHRA provides for remedies as follows: "[t]he court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order and may award to the plaintiff actual and punitive damages and may award court costs and reasonable attorney fees to the prevailing party." *State ex*

*ret Church & Dwight Co. v. Collins,* 543 S.W.3d at 28. The Missouri Supreme Court has specifically held that "the [remedies available under the) MHRA provide a fully comprehensive remedial scheme [of which fully) envelop[s) the remedies available for common law claims . . ." *Id.* Accordingly, because the MHRA provides for a fully comprehensive remedial scheme, there are no remedies which would be available to Plaintiff under her state common law claims of breach of contract or misrepresentation that are not already available to Plaintiff under the MHRA. Plaintiff's state common law claims of breach of contract and misrepresentation are therefore preempted by Plaintiff's MHRA claims and are dismissed. *See Noel v. AT&T Corp.,* 936 F. Supp .2d 1084 (E.D. Mo. Mar. 27, 2013) (MHRA's statutory remedies fully comprehend and envelop the remedies provided by common law claims of wrongful discharge); *Thompson v. Greyhound Lines, Inc.,* 2013 WL 2641306 (E.D. Mo. June 12, 2013) (the plaintiff's common law wrongful discharge claim was preempted by MHRA claim because of the statute's comprehensive remedial scheme).

**3. Plaintiff's allegations that Defendant failed to comply with the Missouri Service Letter Act, Mo. Rev. Stat. § 290.140.1, are sufficient to proceed at the motion to dismiss stage of the proceedings. However, the Court declines to exercise supplemental jurisdiction over this remaining state law claim.**

Defendant argues that Plaintiff's Complaint fails to allege facts which could support her claims that Defendant violated the Missouri Service Letter Act. Plaintiff argues that the service letter provided by Defendant violated the Missouri Service Letter Act because the letter falsely stated that Plaintiff verbally resigned from her position with Defendant.

Plaintiff alleges that the service letter provided by Defendant, pursuant to the Missouri Service Letter Act, provided false information because it incorrectly stated that Plaintiff had verbally or orally resigned her position with Defendant. Plaintiff alleges that she did not voluntarily resign her position with Defendant. In support, Plaintiff argues the terms of her employment contract require that any termination of the employment contract, by either party, to be in writing. Plaintiff argues Mosaic involuntarily terminated her while she was on a medical leave of absence.

9

The requirements of the Missouri Service Letter Act are set forth in Mo. Rev. Stat. 290.140 state,

> 1. [I]t shall be the duty of the superintendent or manager of said corporation to issue to such employee, within forty-five days after the receipt of such request, a letter, . . . setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged or voluntarily quit such service.
> 2. Any corporation which violates the provision of subsection 1 of this section shall be liable for compensatory but not punitive damages. . .

Mo. Rev. Stat. § 290.140(1)-(2).

Upon review, at this stage of the proceedings, the Court finds Plaintiff's allegation that Defendant incorrectly stated the cause of Plaintiff's termination from Defendant meets the statutory requirements for pleading a Missouri Service Letter Act claim. *See e.g. Herberholt v. dePaul Comm. Health Ctr.,* 625 S.W.2d 617, 622 (Mo. 1981) (discussing the jury instructions applicable to a claim of violation of the Missouri Service Letter Act, and such instructions included in relevant part a requirement that the jury find for Plaintiff if "the defendant's letter did not correctly state . . . the true cause of plaintiff's termination . . ."). While the Court is unsure whether Plaintiff's allegations would be sufficient to support a claim for actual damages, nominal state law claim under the Missouri Service Letter Act. When a district court dismisses all claims which independently qualify for the exercise of federal jurisdiction, it has the discretion to dismiss remaining supplemental state claims. 28 U.S.C. § 1367(c). *See Artis v. District of Columbia,* 138 S. Ct. at 599 ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction . . ."). Supplemental jurisdiction is a doctrine of discretion and is not a plaintiff's right. *Gibbs v. Weber,* 433 F.3d 642, 647 (8th Cir. 2006). When the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the factors typically favor the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *Id. See also Artis v. District of Columbia,* 138 S.Ct. at 597-98 ("when district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims").

Accordingly, in the instant case, considering that all federal-law claims have been dismissed and that this case is in the very early stages of litigation, the Court declines to exercise

jurisdiction over Plaintiff's remaining state law claim. Plaintiff's claim under the Missouri Service Letter Statute is dismissed without prejudice.[2]

### Conclusion

In sum, the Court finds that Plaintiff's Complaint is insufficient to state a claim as a matter of law because Plaintiff's MHRA and Title VII claims are time barred by their applicable statute of limitations, and Plaintiff's state law claims of breach of contract and misrepresentation are preempted by MHRA. The Court declines to extend supplemental jurisdiction to Plaintiff's remaining state law claim under the Missouri Service Letter Act.

**IT IS THEREFORE, ORDERED** that Defendant's Motion to Dismiss (doc. 7) is **GRANTED.** It is further **ORDERED** that Plaintiff's claims are **DISMISSED with prejudice,** with the exception of Plaintiff's Missouri Service Letter Act claim which is **DISMISSED without prejudice.** The Clerk's Office is directed to mail a copy of this Order to Plaintiff via regular mail.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
Roseann A. Ketchmark, Judge
United States District Court

Dated: July 18, 2019

---

[2] The Court notes is not making a finding as to the ultimate viability of Plaintiff's Missouri Service Letter Act claim should Plaintiff choose to refile such claim in state court.